IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-00070-MSK-MJW

ANDREW D JOHNSON,

Plaintiff,

v.

RUSSELL GRANGER, JUDGE,
R. THOMAS MOORHEAD,
CORDES & COMPANY,
MARK R WAGNER, and
DOE DEFENDANT,

Defendant(s).

---

## RECOMMENDATION ON

## MOTION TO DISMISS FILED BY DEFENDANTS CORDES & COMPANY AND MARK R. WAGNER (Docket No. 38),

## DEFENDANTS RUSSELL GRANGER AND R. THOMAS MOORHEAD'S MOTION TO DISMISS BASED ON ABSOLUTE IMMUNITY AND LACK OF SUBJECT MATTER JURISDICTION (Docket No. 42),

## and

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Docket No. 41)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case was referred to this court pursuant to an Order Referring Case entered

by Chief Judge Marcia S. Krieger on January 27, 2015 (Docket No. 8).

### PLAINTIFF'S ALLEGATIONS

In the Amended Complaint (Docket No. 25), which is brought pursuant to 42

2

U.S.C. § 1983, the pro se plaintiff, Andrew D. Johnson, raises seven "Counts" against

the following four defendants: Colorado District Court Judge Russell Granger, former

Judge R. Thomas Moorhead, court receiver Cordes & Company, and Mark R. Wagner,

Director of Operation of Cordes & Company.  Plaintiff also names a "Doe Defendant,"

but he has yet to identify him/her other than to mention during a recent Status

Conference that he had been considering naming his ex-wife.  A Show Cause Hearing

has been set before the undersigned on June 11, 2015, at 9:00 a.m. with respect to

plaintiff's failure to serve and failure to prosecute the Doe Defendant.  (Docket No. 53).

Plaintiff alleges the following in his amended pleading.

       Count 1.  Conflict of Interest and Relationship Between Judge Granger and

Cordes & Company.  Judge Granger did not disclose his conflict of interest and

relationship with receiver Cordes & Company.  More specifically, because the judge

relies on the receiver to provide a reputable service, the judge refused to make any

ruling that could damage the receiver's reputation.  Due to that favoritism, plaintiff did

not receive a fair and unbiased ruling from Judge Granger, which was a violation of

plaintiff's Constitutional rights.

       Count 2.  Falure to Serve Complete Court Orders.  Judge Moorhead failed to

serve plaintiff with the complete Findings of Facts, Conclusions of Law, and Permanent

Orders.  Two exhibits are clearly referred to as "attached" in the Permanent Orders, but

the judge never included them and did not send them to plaintiff when plaintiff filed a

motion for them.  Plaintiff has a Constitutional right to receive those documents and to

be informed fully of all of the court's rulings regarding his life, including the taking of his

money.  By withholding these documents, Judge Moorhead denied plaintiff due process

of law.

Count 3.  Failure to Rule on Motion.  Judge Moorhead violated plaintiff's due

process rights while presiding over plaintiff's divorce when he failed to ever rule on

plaintiff's Motion for Temporary Orders to prevent plaintiff's wife from illegally stealing

more than $10,000 per month from the family business.  All of the wife's motions were

ruled on by the judge.

Count 4.  Prejudice Taking of Plaintiff's Money.  Judge Moorhead ordered that a

climate control system was to be installed in plaintiff's office unit by defendant Cordes &

Company and that Cordes & Company was to take plaintiff's money ($23,600) to pay for

the installation.  After more than 2.5 years, Cordes & Company still has not installed the

climate control system but has kept plaintiff's money.  Judge Granger's favoritism of

Cordes & Company (see Count 1) in allowing them to keep plaintiff's money, along with

Judge Granger's biased and unfair rulings, were prejudice and a violation of plaintiff's

Constitutional rights.  In addition, since plaintiff was not served the complete Permanent

Orders (see Count 2), this action was done in a private collaboration between the

defendants.  They have full copies of the Orders, and plaintiff does not.

Count 5.  Taking of Plaintiff's Property to Provide Amnesty to Cordes &

Company.  Judge Granger violated plaintiff's Constitutional right to fundamental fairness

by ordering that plaintiff's office unit be disconnected from plaintiff's central climate

control system, leaving him with no heat or air conditioning in his unit.  (Count 4

explains that Cordes & Company was supposed to install a replacement system but

failed to do so.)  Colorado is an equitable division state, and by law, plaintiff owns one-

half of that central climate control system that is worth $30,000, but Judge Granger

purposely disregarded plaintiff's one-half ownership so he could impose his own biased favoritism and provide amnesty to Cordes & Company (see Count 1).  This taking of plaintiff's property to satisfy Judge Granger's prejudice is a violation of plaintiff's Constitutional rights.  In addition, since plaintiff was not served with the complete Permanent Orders (see Count 2), this action was done in a private collaboration between the defendants.  They have full copies of the Orders, and plaintiff does not.

Count 6.  Making False and Fraudulent Statements in Permanent Orders.  Judge Moorhead violated plaintiff's Constitutional rights while presiding over plaintiff's divorce because his orders were biased and prejudiced.  During the divorce, the wife unlawfully entered plaintiff's residence and stole plaintiff's personal property.  She was arrested, prosecuted, and sentenced for her crime.  Judge Moorhead was fully aware of the wife's criminal actions and her violation of § 14-10-107, C.R.S.  Nevertheless, in the Permanent Orders, Judge Moorhead wrote, "Wife has conducted herself appropriately and has not violated C.R.S. § 14-10-107" and then ordered a biased unequal division of marital assets.  This false and fraudulent statement in the Permanent Orders was made exclusively to justify his bias against plaintiff.  He can judge the wife's criminal acts as immaterial, but he cannot alter the facts to suit his own bias.  She did unlawfully enter plaintiff's residence and stole his property.  It is clear the judge has violated plaintiff's Constitutional rights.  Judges cannot make false statements.  They cannot change the facts to accommodate their prejudice.  Plaintiff realizes the judge did not like him, but that should never play a part in his rulings.  His fraudulent statement was not his "view of the evidence," it was an intentional altering of an indisputable fact to suit his own bias.  The judge's false and fraudulent statement in the Permanent Orders was made

with the deliberate intent to justify his bias against plaintiff.

Count 7.  Failure to Request Review.  Judge Moorhead violated plaintiff's due process rights while presiding over plaintiff's divorce.  During the divorce, plaintiff filed a request with the judge, attempting to persuade Cordes & Company to follow the court's orders voluntarily so that plaintiff could avoid filing any contempt of court charges against them.  To this day, Judge Moorhead has failed to even acknowledge plaintiff's request, which is a clear violation of the plaintiff's Fourteenth Amendment rights.  A judge cannot use one process for one side and another process for the other side.  All of the wife's requests were reviewed.

Plaintiff seeks compensatory damages in the amount of $70,400.00 against defendants plus whatever additional amount to which he is found to be entitled, plus punitive/exemplary damages.  Plaintiff has moved for leave to file an amended complaint, seeking to "correct[] the threshold of $75,000. for original jurisdiction pursuant to 28 U.S.C. § 1332."  (Docket No. 41).

**DEFENDANTS' MOTIONS TO DISMISS and PLAINTIFF'S MOTION TO AMEND**

Now before the court for a report and recommendation are two dispositive motions, namely, the Motion to Dismiss (Docket No. 38) filed by defendants Cordes & Company and Mark R. Wagner (collectively, the "Cordes defendants") and Defendants Russell Granger and R. Thomas Moorhead's Motion to Dismiss Based on Absolute Immunity and Lack of Subject Matter Jurisdiction (Docket No. 42).  After the Cordes defendants filed their motion, plaintiff filed a Motion for Leave to File Amended Complaint (Docket No. 41), which is also now before this court.  The Cordes defendants filed a response to plaintiff's motion (Docket No. 49).  Plaintiff filed a combined response

to the two motions to dismiss (Docket No. 50), and the Cordes defendants filed a reply (Docket No. 51).  The court has carefully considered all of these motion papers as well as applicable Federal Rules of Civil Procedure and case law.  In addition, the court has taken judicial notice of the court file.  The court now being fully informed, makes the following findings, conclusions of law, and recommendations.

The Cordes defendants seek dismissal of the amended complaint on the following grounds: (1) plaintiff has not met the required jurisdictional limit of $75,000 as required under 28 U.S.C. § 1332; (2) receivers like the Cordes defendants have judicial immunity; (3) this matter is barred by the *Rooker-Feldman* doctrine; and (4) plaintiff has failed to articulate all necessary elements of a civil theft claim under Fed. R. Civ. P. 12(b)(6).  Defendants Granger and Moorhead seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the following grounds: (1) they are entitled to absolute immunity for all actions taken as judicial officers presiding over plaintiff's divorce proceedings; (2) pursuant to the *Rooker-Feldman* doctrine, this court lacks subject matter jurisdiction over plaintiff's claims arising from his state court divorce proceedings; and (3) plaintiff's claims represent a collateral attack on judgments previously entered against him in state court and therefore are barred by the doctrine of *res judicata.*

Rule 12(b)(1):

empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).  As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear.  *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994).  Statutes conferring jurisdiction on federal courts are to be strictly construed.  *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of

jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *See id.* at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp.2d

1091, 1094-95 (D. Colo. 2001).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to

dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The Court's function on a Rule

12(b)(6) motion . . . is not to weigh potential evidence that the parties might present at

trial, but to assess whether the plaintiff's complaint alone is sufficient to plausibly state a

claim." Spring Creek Exploration & Prod. Co., LLC v. Hess Bakken Investment II, LLC,

2014 WL 4400764, at *2 (D. Colo. Sept. 5, 2014). "A complaint must be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to

relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2

(D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127

S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide

8

the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo.,

154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32

(10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the

tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v.

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).  "Accordingly, in examining a

complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look

only to whether the remaining, factual allegations plausibly suggest the defendant is

liable." Id. at 1191.

A court generally considers only the contents of the Complaint when ruling on a

motion to dismiss brought pursuant to Rule 12(b)(6).  Gee v. Pacheco, 627 F.3d 1178,

1186 (10th Cir. 2010).  "Exceptions to this general rule include: documents incorporated

by reference in the complaint; documents referred to in and central to the complaint,

when no party disputes their authenticity; and 'matters of which a court may take judicial

notice.'" Henson v. Bank of Am., 935 F. Supp.2d 1128, 1136 (D. Colo. 2013) (quoting

Gee, 627 F.3d at 1186).  "If a plaintiff does not incorporate by reference or attach a

document to its complaint, a defendant may submit an undisputably authentic copy

which may be considered in ruling on a motion to dismiss." Id.  Here, the Cordes

defendants have filed as an exhibit to their motion a copy of an Order issued on August

15, 2015, in the plaintiff's state court action, Case No. 2011DR57 in Eagle County

District Court.  Plaintiff has not challenged the authenticity of this Order, and in his

Amended Complaint, he alleges that these defendants failed to comply with the court's

Order.  Therefore, this court may properly consider the Eagle County court Order here.

Plaintiff here is proceeding *pro se.*  The court, therefore, reviews his pleadings

10

and other papers liberally and holds them to a less stringent standard than those drafted by attorneys.  Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007).  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers).  However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues).  The plaintiff's *pro se* status does not entitle him to application of different rules.  Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

This court finds that the defendants correctly assert that plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  Under that doctrine, "federal district courts do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may be had only in [the United States Supreme] Court. . . .  The doctrine 'prohibits a lower federal court from considering claims actually decided by a state court and claims inextricably intertwined

with a prior state-court judgment.'" Jackson v. Peters, 2003 WL 22664679, *3 (10th Cir. Nov. 12, 2003) (internal quotation marks omitted) (quoting Johnson v. Rodrigues (Orozco), 226 F.3d 1103, 1108 (10th Cir. 2000); Kenmen Eng'g v. City of Union, 314 F.3d 468, 473 (10th Cir. 2002)).  The doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Here, plaintiff essentially seeks review of the proceedings and rulings in his domestic action in Eagle County District Court.  He asserts his Constitutional rights were violated by findings in the Permanent Orders as well as by the Judges' actions in "presiding over [his] divorce."  He seeks damages that are attributable to injury allegedly sustained as a result of the state court's judgment or inextricably intertwined with the state court judgment.  Plaintiff's avenue for appeal, however, is not through a § 1983 action in this court.  The doctrine "applies even though, as here, the challenge is anchored to alleged deprivations of federally protected due process . . . rights."  Doe v. Pringle, 550 F.2d 596, 599 (10th Cir. 1976).  See Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986) ("Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983 . . . .").

Even if the *Rooker-Feldman* doctrine does not apply here, this court finds that dismissal is warranted because the defendants are absolutely immune from suit in this action.  A judge is absolutely immune from suit for acts taken within his judicial capacity.

12

Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000).  To overcome absolute judicial immunity, a plaintiff must demonstrate that a judge's actions were either outside the judge's judicial capacity or were taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam).  A judge acts in the clear absence of all jurisdiction only when he "acts clearly without any colorable claim of jurisdiction."  Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990).  "If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority."  Mireles v. Waco, 502 U.S. at 288 (internal quotations omitted).

Here, even construing the plaintiff's allegations liberally, all of the plaintiff claims against defendants Granger and Moorhead concern their actions taken exclusively in their judicial capacity during the plaintiff's domestic case in state court.  None of the plaintiff's allegations overcome the judges' absolute judicial immunity because they do not demonstrate that the judges acted outside of their official capacity or in the complete absence of jurisdiction.  Plaintiff merely seems to disagree with the judges' handling of the plaintiff's case, namely, allegedly issuing unfair, unbiased, and incorrect rulings, refusing to send plaintiff a copy of all rulings, and failing to rule on motions and requests.  "A judge is immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."  Moss v. Kopp, 559 F.3d 1155, 1163-64 (10th Cir. 2009) (internal quotation marks omitted).  "[A] judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority."  Id. at 1163.  Plaintiff seems to contend that the judges conspired with the Cordes defendants, but judicial immunity is

13

not overcome where a litigant alleges a judge conspired with others.  See Dennis v.

Sparks, 449 U.S. 24, 27 (1980) (judicial immunity not overcome even where a claimant

alleges a judge conspired with others).  Therefore, plaintiff's claims against defendants

Granger and Moorhead should be dismissed with prejudice.

Likewise, the claims of the Cordes defendants should be dismissed with

prejudice.  "[A] receiver who faithfully and carefully carries out the orders of his

appointing judge must share the judge's absolute immunity."  T & W Inv. Co. v. Kurtz,

588 F.2d 801, 802 (10th Cir. 1978).  See Valdez v. City & County of Denver, 878 F.2d

1285 (10th Cir. 1989) (same).  Here, the Cordes defendants correctly assert that while

the plaintiff does allege that they failed to comply with a state court order, this argument

is in direct conflict with an Order of the state court:

> [t]he issue before the Court involve the parties' commercial real estate.
> The Court has previously divided the property but the properties have a
> common HVAC system.  The issue is now how to divide the HVAC system
> and close this case.  Previously, the Court ordered a Receiver to retain
> martial [sic] funds and oversee the separation of the property.
> Unfortunately, the cost of the project exceeded the early estimates and
> insufficient funds were retained.  Although Petitioner [plaintiff here] seeks
> to make the Receiver [the Cordes defendants] liable for not retaining
> sufficient funds the Court rejects this theory because the additional funds
> were given to the parties who used the funds for other purposes.
>
> The Petitioner has also accused the Court and implied that the Court is
> responsible because the Court appointed the Receiver.  Petitioner has
> also accused the Court of attempting to protect the Receiver's reputation.
> This accusation is not grounded in fact or law.  The Petitioner is correct
> that the Court will terminate the Receiver's position as soon as possible
> but this is because the Receiver has been placed in the midst of a high
> conflict dissolution.  The high conflict impairs the Receiver's ability to
> adequately perform his functions. . . .

(See Docket No. 38-1 at 1).

Based upon the findings above, in the interest of judicial economy, the court will

not address the additional bases for dismissal argued by the defendants.

Plaintiff moves for leave to file an amended complaint merely to "correct[] the threshold of $75,000. for original jurisdiction pursuant to 28 U.S.C. § 1332." (Docket No. 41 at 1). This motion appears to be in response to the Cordes defendants' argument in their dismissal motion that the plaintiff did not meet the jurisdictional threshold enumerated in § 1332 because plaintiff had expressly stated in the Amended Complaint that he was seeking damages in the amount of $70,400. Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)). A motion to amend a complaint is futile if, notwithstanding the amendment, the complaint "would be subject to dismissal." Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999). Here, this court finds that the amendment sought would be futile based on the findings above regarding the absolute immunity of the defendants and the *Rooker-Feldman* doctrine.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Motion to Dismiss (Docket No. 38) filed by defendants Cordes & Company and Mark R. Wagner be **granted**. It is further

**RECOMMENDED** that Defendants Russell Granger and R. Thomas Moorhead's

15

Motion to Dismiss Based on Absolute Immunity and Lack of Subject Matter Jurisdiction

(Docket No. 42) be **granted**.  It is further

      **RECOMMENDED** that the plaintiff's Motion for Leave to File Amended Complaint

(Docket No. 41) be **denied**.

      **NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives *de novo* review of the**

**recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

**<u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999);**

**<u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Dated: April 16, 2015                s/ Michael J. Watanabe
     Denver, Colorado            Michael J. Watanabe
                                     United States Magistrate Judge